**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

ROBERT FURR, LESLIE WOOLSEY,
BERNARD OZINGA and JACK L.
DOAN,

    Plaintiffs-Appellants,

v.

SEAGATE TECHNOLOGY, INC.,

    Defendant-Appellee.

Nos. 97-6379, 97-6386,
98-6035, 98-6036

D.C. No. CIV-93-939-R, CIV-
93-1210-R
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

## I.  BACKGROUND

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Years ago this lawsuit was initiated as two separate cases, [1] brought by Seagate employees laid off in a reduction in force, asserting federal and pendant state employment discrimination claims. The jury returned verdicts for the plaintiffs in each case, but on appeal this court ruled as a matter of law that the defendant, Seagate, prevailed. The case was remanded to the district court, for entry of judgment in favor of Seagate. Doan v. Seagate Technology Inc., 82 F.3d 974, 979 (10th Cir. 1996). The plaintiffs then filed a "Petition for Rehearing with Suggestion of Consideration En Banc and Alternative Rule 50(d) Motion for New Trial." This court entered an order denying the petition for rehearing and the suggestion for rehearing en banc. The plaintiffs filed a motion for clarification to get an express ruling on their request for a new trial. The court filed a subsequent order stating: "The orders denying rehearing *denied all requested relief*." See Order filed Aug. 12, 1996, Appee. Supp. App. at 68 (emphasis added).

Next, plaintiffs filed in the district court a motion for a new trial, and a Rule 60(b) motion for relief from the adverse final judgment. See Fed. R. Civ. P. 60(b). The ground for the Rule 60(b) motion was an unpublished Oklahoma Court of Appeals case, Fixico v. United Supermarkets of Oklahoma, Inc. Docket No. 87,918 (Okla. App. 1996), of no precedential value. See Rule 1.200(b)(1) &

---

[1] The cases remained separate, but followed nearly identical procedural paths until they were consolidated for this appeal.

(5), Oklahoma Supreme Court Rules, Okla. Stat. tit. 12, ch. 15, App. 1 (Supp. 1999). According to the plaintiffs, the Fixico case called into question the retroactivity of List v. Anchor Paint Mfg. Co., 910 P.2d 1011 (Okla. 1996), a case which the plaintiffs had conceded on their initial appeal, and which this court had ruled, disallowed their state law claims. See Doan, 82 F.3d at 975 n.1; Furr v. Seagate Technology, Inc., 82 F.3d 980, 982 n.1 (10th Cir. 1996). The plaintiffs sought to have their state claims reinstated for a new trial to the extent that Fixico limited List's retroactivity. The district court denied the motions.

## II. APPELLATE POSTURE

Now, the plaintiffs appeal the decision of the district court denying the Rule 60 motions. But the plaintiffs have already lost their case as a matter of law on appeal. They have filed a motion for rehearing or retrial, and even a second motion to clarify the appellate order. They have submitted these motions to the district court – which is bound by this court's prior mandate to enter judgment against the plaintiffs, see Ute Indian Tribe v. Utah, 114 F.3d 1513, 1520 (10th Cir. 1997) ("the 'mandate rule,' provides that a district court must comply strictly with the mandate rendered by the reviewing court.") (quotations omitted), cert. denied, 118 S.Ct. 1034 (1998). The plaintiffs sought to overcome their impending loss. The district court correctly and clearly denied the motions. We affirm for

3

substantially the same reasons advanced by the district court.

## III. DISCUSSION

The issue of the retroactivity of List has been litigated to a final judgment in this case. The law of the case doctrine provides, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." Ute Indian Tribe, 114 F.3d at 1520. On their initial appeal, plaintiffs conceded List precluded their state claims, and this court reversed judgment on those claims.

The law of the case doctrine is not, however, absolute. Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a court to relieve a party from final judgment as justice demands, but such relief is limited to "extraordinary situations." See Colorado Interstate Gas Co. v. Natural Gas Pipeline Co., 962 F.2d 1528, 1533 (10th Cir. 1992). Furthermore, while an intervening change in controlling law can provide the basis of an exception to the mandate rule, "[such] exception does not apply where, as here, the case in which the erroneous ruling occurred is no longer sub judice – that is, where the case has become final." Ute Indian Tribe, 114 F.3d at 1521. This matter is not sub judice – this court remanded the case to the district court to enter judgment in accordance with the mandate, and the district court may not apply a later change in law on remand.

4

That said, this court retains the power to modify a mandate "to prevent an injustice, or to preserve the integrity of the judicial process." Id. at 1522 (quotation omitted). Nonetheless, that power is reserved for cases presenting extraordinary circumstances. See id. Not only are such extraordinary circumstances lacking in this case, there is nothing in the instant appeal that would cause us to reconsider the previously-litigated List issue. As a matter of equity, the law as to the retroactive application of new case law is not itself new. See e.g., Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07 (1971). In the initial appeal plaintiffs could easily have presented an argument that List should not be applied retroactively and thus their state claims should be preserved. The plaintiffs chose not to do so, and instead conceded List barred their state claims. Furthermore, as noted earlier, Fixico is a case of less significance than the plaintiffs claim. As an unpublished Oklahoma Court of Appeals decision, it has no precedential value. Although the Fixico court refused to apply List retroactively, the decision is unpublished and thus makes no change in the law.

We accordingly AFFIRM the district court order denying the motions the plaintiffs appeal. Having reached the merits of the Rule 60 motion and affirmed,

5

rather than dismissing, we also DENY Seagate's motion for damages and double costs.

Entered for the Court


Robert H. Henry
Cirucit Judge